UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-61480-CIV-SEITZ/O'SULLIVAN

MICHAEL HANRAHAN,

        Plaintiff,

vs.

GENERAL SERVICES ADMINISTRATION,

        Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on the General Services Administration's ("GSA's") Motion To Dismiss [DE-5], to which Plaintiff has not responded. Plaintiff alleges that he was injured in an automobile accident on March 11, 2009 when his vehicle was struck by a GSA-owned pickup truck. He further alleges that the accident would not have occurred were it not for the negligent operation of the pickup truck by a GSA employee.[1] Invoking this Court's jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), Plaintiff sues the GSA exclusively for personal injuries suffered as a result of an automobile accident, including "bodily injury and resulting pain and suffering, permanent bodily injury and resulting pain and suffering, permanent disability, disfigurement, scarring, mental anguish, loss of capacity ..., expense of hospitalization, medical and nursing care and treatment...." (DE-1, Complaint at ¶ 12). However, when Plaintiff filed his administrative claim, he did not provide a sum certain for his personal injuries or any documentation substantiating the existence of those injuries. Because this Court does

---

[1] Plaintiff alleges that a GSA employee drove the truck even though he filed his administrative claim with the Department of the Navy.

not have jurisdiction over the GSA in an FTCA action, and Plaintiff has not exhausted his administrative remedies such that he can continue with an FTCA claim against the United States to recover for personal injuries, the Court will dismiss the action.

On or about March 29, 2009, Plaintiff filed a Federal Tort Claims Act for Damage, Injury, or Death ("Form 95") with the Department of the Navy. (DE-5-1). On the Form 95, Plaintiff alleged property damages in the amount of $2,250.45, listed the amount of his personal injury claim as "unknown" and asserted a total claim of "$2,250.45 + medical expenses." (*Id.* at page 2). On April 14, 2009, the Navy responded to Plaintiff's Form 95 with a letter informing Plaintiff that in order for the Navy to process his claim, he needed to produce a physician's written description of his injuries, itemized medical bills, a statement of expected future treatment, any other information related to the damages claimed, and a sum certain for any alleged personal injury. (DE-5-2). Plaintiff never provided this information and documentation, despite receiving two follow-up letters from the Navy on July 21, 2009 and December 22, 2009 requesting its production. (DE-5-3 and DE-5-5). On February 26, 2010, the Navy informed Plaintiff that it had never received the requested information and that it was denying Plaintiff's administrative claim for failure to substantiate. (DE-5-6).

Under these facts, the Court must grant GSA's motion to dismiss because the Court lacks jurisdiction for two reasons. First, while the FTCA waives sovereign immunity for a suit against the United States, it does not so for a federal agency. 28 U.S.C § 2679(a). Because the FTCA does not waive sovereign immunity for the GSA, Plaintiff's claim against the GSA must be dismissed for lack of jurisdiction. *See, e.g., Galvin v. Occupational Safety & Health Adm.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee,

is the proper party defendant in a Federal Tort Claims Act suit."); *Trupei v. United States*, 304 Fed. Appx. 776, 782 (11th Cir. 2008). Second, because Plaintiff failed in his administrative claim to present a sum certain for personal injuries, the Court does not have jurisdiction over an FTCA claim with respect to Plaintiff's personal injuries, even if Plaintiff repled his claim against the United States. *See Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) ("When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case.") Accordingly, it is hereby

ORDERED THAT the General Services Administration's ("GSA's") Motion To Dismiss [DE-5] is GRANTED and this case is CLOSED.

DONE and ORDERED in Miami, Florida, this 29th day of November, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     Counsel of Record